ANTHONY S. BRILL, Bar No. 151101
BAKER & HOSTETLER LLP
333 South Grand Avenue, Suite 1800
Los Angeles, California 90071-1523
Telephone:  (213) 975-1600
Facsimile:  (213) 975-1740
Email:  abrill@bakerlaw.com

STEPHEN C. SUTTON, Ohio Bar No. 0055646
(pro hac vice to be submitted)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, OH  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740
Email:  ssutton@bakerlaw.com

Attorneys for Defendants
Electronic Data Systems Corporation
and Michael H. Jordan

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RHODES,<br><br>             Plaintiff,<br><br>     v.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION, and MICHAEL H. JORDAN,<br><br>             Defendant. | Case No.  CV-01715-MCE-PAN (GGH)<br><br>**AMENDED NOTICE OF MOTION AND MOTION OF DEFENDANT MICHAEL H. JORDAN TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        September 14, 2006<br>Time:        10:00 a.m.<br>Crtm:        24<br>Magistrate:  Gregory G. Hollows |

**TO PLAINTIFF ANDRE RHODES, PRO SE:**

     **PLEASE TAKE NOTICE** that on September 14, 2006, at 10:00 a.m., or as

soon thereafter as the matter may be heard, in Courtroom 24 of the above-entitled

1  Court, located at 501 I Street, Sacramento, CA 95814, Defendant Michael H.

2  Jordan ("Jordan") will, and hereby does, move the Court pursuant to Federal Rules

3  of Civil Procedure 12(b)(5) and 12(b)(6) for an order dismissing Plaintiff

4  Andre Rhodes' ("Plaintiff") claims against him for insufficiency of service of

5  process and further for failure to state a claim upon which relief can be granted.

6      Jordan bases this motion on the ground that Plaintiff failed to serve him with

7  the summons and complaint in this matter and the Court, therefore, lacks personal

8  jurisdiction over him.

9      Furthermore, even if Plaintiff were to ever serve Jordan, the Complaint fails

10  to state a claim for relief because an individual employee may not be held liable for

11  employment discrimination under Title VII of the Civil Rights Act of 1964, or for

12  wrongful termination in violation of public policy. *Miller v. Maxwell's Int'l Inc.,*

13  991 F.2d 583, 587-588 (9th Cir. 1993); *Reno v. Baird*, 18 Cal. 4th 640, 664 (1998).

14      Jordan bases his motion upon this notice, the attached memorandum of points

15  and authorities, the Declarations of Karie Dalton and Bharat Vashi, the pleadings

16  on file herein, and such oral argument and evidence as may be presented at the time

17  of the hearing on this motion.

18  Dated:  August 10, 2006                    ANTHONY S. BRILL
                                              STEPHEN C. SUTTON
19                                            BAKER & HOSTETLER LLP
20
21
22                                            _____
                                                    Anthony S. Brill
23
                                              Attorneys for Defendants
24                                            Electronic Data Systems Corporation
                                              and Michael H. Jordan
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On July 5, 2006, Plaintiff Andre Rhodes ("Plaintiff") filed a pro se Complaint in state superior court against his former employer Electronic Data Systems Corporation ("EDS"), and its Chief Executive Offer, Michael H. Jordan ("Jordan") (collectively, "Defendants").  In his first "Cause of Action - Intentional Tort" Plaintiff alleges that "Defendant" used the "Willie Lynch System" to wrongfully terminate him.  (Complaint, p. 3.)  In his second "Cause of Action - Intentional Tort" Plaintiff alleges that "Defendant" retaliated and discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  (Complaint, p. 4).

On July 5, 2006, Plaintiff had delivered to an EDS facility located at 3215 Prospect Park Drive, Rancho Cordova, California 95670, the summons and complaint in this matter.  Michael H. Jordan is EDS' Chief Executive Officer. Jordan does not maintain an office at the Rancho Cordova facility.  To the contrary, Mr. Jordan works from EDS' corporate headquarters located at 5400 Legacy Drive, Plano Texas, 75024 and also resides in Dallas, Texas (Declarations of Karie Dalton, ¶ 2 and Bharat Vashi, ¶ 3).  The summons and complaint was left with an EDS security officer at the Rancho Cordova facility.  (Vashi Dec., ¶ 2).  It was not personally served on Jordan.  In fact, Jordan was not present at the Rancho Cordova facility on July 5 or at any other time in July 2006.  (Vashi Dec., ¶ 3).  Furthermore, no one at the Rancho Cordova facility has been provided with authority from Mr. Jordan to accept service of a lawsuit on his behalf.  (Dalton Dec., ¶ 2; Vashi Dec., ¶ 4).

On August 2, 2006, EDS filed its answer in state court.  On August 3, 2006, this case was timely removed from state court to this Court.

As set forth below, Jordan should be dismissed as a defendant in this case because of the indisputable failure to serve process on him.  Furthermore, even if

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Plaintiff were to perfect service on Jordan, Plaintiff has failed to state a claim

2   against Jordan under applicable law from the very face of the Complaint.

3   **II.   ARGUMENT**

4       **A.   The Court Should Dismiss Plaintiff's Complaint Against Jordan**

5           **For Insufficient Service of Process**

6       The sufficiency of service of process prior to removal from state court is

7   determined under state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-937

8   (9th Cir. 1993). Even if a defendant has actual notice of the lawsuit, he must still

9   be served in compliance with the statutory requirements of this state. If the

10  statutory requirements are not satisfied, the Court lacks jurisdiction over the

11  defendant. *Ruttenberg v. Ruttenberg*, 53 CA4th 801, 808 (1997). California Code

12  of Civil Procedure Sections 415.10 through 416.90 set forth the statutory

13  requirements for proper service of process.

14      Here, Plaintiff failed to comply with the requirements of the California Code

15  of Civil Procedure inasmuch as he has not served Jordan with the summons and

16  complaint in this action. As a result of Plaintiff's failure, this Court lacks

17  jurisdiction over Mr. Jordan. *Ruttenberg*, at 808. Therefore, Mr. Jordan's motion

18  to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) should be granted.

19      **B.   Plaintiff Fails To State A Claim Against Jordan Upon Which**

20          **Relief Can Be Granted**

21      While his failure to serve Jordan is dispositive, even if Plaintiff were to effect

22  service, he has failed to state a claim for relief against Jordan as a matter of law.

23  Plaintiff cannot assert a claim against Jordan, an individual employee of EDS, for

24  either wrongful termination in violation of public policy, or for employment

25  discrimination under Title VII.

26      Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a

27  complaint if "it appears beyond doubt that plaintiff can prove no set of facts in

28  support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   41, 45-46 (1957).  Dismissal is proper where there is a "lack of a cognizable legal

2   theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

3   Such is the case here.

4         The Ninth Circuit Court of Appeals has long held that an individual

5   employee may not be held liable under Title VII.  *See Miller v. Maxwell's Int'l Inc.,*

6   991 F.2d 583, 587-588 (9th Cir. 1993) (discussing Title VII and stating that "it is

7   inconceivable that Congress intended to allow civil liability to run against

8   individual employees").  In *Miller,* the plaintiff brought sex and age discrimination

9   claims against six individual defendants.  *Id.* at 584.  The Court of Appeals, in

10  affirming the dismissal of the plaintiff's claims, held that "individual defendants

11  cannot be held liable for damages under Title VII[.]"  *Id.* at 587.  In reaching this

12  conclusion, the Court noted that "[t]he statutory scheme itself indicates that

13  Congress did not intend to impose individual liability on employees.  Title VII

14  limits liability to employers with fifteen or more employees[.]"  *Id.*   Accordingly,

15  Plaintiff's Title VII claims for employment discrimination and retaliation asserted

16  against Jordan fail as a matter of law.  *See also Little v. BP Exploration & Oil Co.,*

17  265 F.3d 357, 362 (6th Cir. 2001) (holding that Plaintiff's retaliation claim under

18  Title VII "cannot lie because [defendant] was not Plaintiff's employer within the

19  meaning of Title VII").

20        Similarly, the California Supreme Court held that a plaintiff may not sue

21  individual employees for wrongful termination in violation of public policy.  *Reno*

22  *v. Baird,* 18 Cal. 4th 640, 664 (1998).  In *Reno,* the plaintiff sued several individual

23  defendants for, among other things, discrimination under the California Fair

24  Employment and Housing Act ("FEHA") and for wrongful termination in violation

25  of public policy.  *Id.* at 643.  The Court of Appeal affirmed the trial court's grant of

26  summary judgment on the grounds that "individuals who do not themselves qualify

27  as employers may not be sued under the FEHA for alleged discrimination acts."  *Id.*

28  at 663.  In reaching this determination, the Court reasoned that to find otherwise

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

1  "would impede the supervisor's ability to carry out the duties of his or her job, as
2  well as subject the supervisor to the debilitating burden of litigation, without any
3  substantial benefit to the plaintiff.  Plaintiff's claim for wrongful termination
4  therefore fails as a matter of law." *Id.* at 664.  The California Supreme Court
5  further held that its "conclusion that individual supervisors may not be sued under
6  the FEHA applies likewise to" causes of action for discharge in violation of public
7  policy. *Id.*  The Court stated that it would "absurd to forbid a plaintiff to sue a
8  supervisor under the FEHA, then allow essentially the same action under a different
9  rubric." *Id.*  Thus, even if Jordan was Plaintiff's supervisor (which he was not),
10  Plaintiff's wrongful termination claim against him fails as a matter of law and
11  should be dismissed.

12  **III.   CONCLUSION**

13     Based on the foregoing, Defendant Michael H. Jordan respectfully requests
14  that the Court grant this motion in its entirety and dismiss him as a defendant in this
15  matter.

16  Dated:  August 10, 2006                    ANTHONY S. BRILL
17                                              STEPHEN C. SUTTON
                                                BAKER & HOSTETLER LLP
18
19
20  _____
                                                Anthony S. Brill
21
22                                              Attorneys for Defendants
                                                Electronic Data Systems Corporation
                                                and Michael H. Jordan
23
24
25
26
27
28

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE BY MAIL

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 333 South Grand Avenue, Suite 1800, Los Angeles, California  90071-1523.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On **August 10, 2006**, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION OF DEFENDANT MICHAEL H. JORDAN TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in a sealed envelope, postage fully paid, addressed as follows:

**Andre Rhodes (Pro Per)
7510 Windbridge Drive, #73
Sacramento, California 95831
Phone:  (916) 459-0633**

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 10, 2006**, at Los Angeles, California.

Cynthia Gomez

501133934.1