1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE RHODES,

11            Plaintiff,                    No. CIV S-06-1715 MCE EFB PS

12       vs.

13   ELECTRONIC DATA SYSTEMS
     CORPORATION, et al.,

14                                          ORDER AND
              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            This action, in which the plaintiff is proceeding pro se, has been referred to the

17   undersigned pursuant to Local Rule 72-302(c)(21).  The case was filed in Sacramento County

18   Superior Court and removed to this Court on August 3, 2006.  Plaintiff is suing his former

19   employer, Electron Data Systems Corporation ("EDS"), and its Chief Executive Officer, Michael

20   Jordan ("Jordan"), alleging discrimination and wrongful discharge.  Currently before the court is

21   defendant Michael H. Jordan's motion to dismiss for insufficiency of service of process and

22   failure to state a claim.  Defendant EDS has not separately moved for dismissal, nor has it joined

23   in this motion.  Plaintiff Andre Rhodes ("Rhodes") filed what purports to be a non-opposition to

24   that motion, but which is actually a conditional "non-opposition" demanding that defendants

25   settle plaintiff's claim and pay plaintiff several million dollars.  That document is construed as

26   opposition to the motion.  The motion was heard on September 13, 2006.  Rhodes appeared on

                                            1

his own behalf and Anthony Brill appeared on behalf of defendants Jordan and EDS.  Having

reviewed the record, the undersigned issues the following findings and recommendations.

At the hearing the undersigned also addressed and resolved the motion to strike

filed by defendant EDS on August 29, 2006, and set for hearing on October 4, 2006

I.    BACKGROUND

Defendant EDS and Jordan removed this case to federal court based on federal

question and diversity jurisdiction.[1]  Plaintiff appears to allege wrongful discharge by defendants

and that defendants "discriminated against him in violation of Title VII of the Civil Rights Act of

1964, as amended."  Notice of Removal, Exhibit A, at p. 4.  The undersigned finds that subject

matter jurisdiction exists.[2]

On August 10, 2006, defendant Jordan filed a motion to dismiss pursuant to

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(5) and 12(b)(6).[3]  First, Jordan argues

that plaintiff failed to properly effect service of process on him.  Second, Jordan argues that the

complaint fails to state a claim against him because, as a managing employee of EDS, he cannot

be held individually liable under either Title VII or corresponding state law provisions.

////

////

////

_____

[1] Defendant Jordan consented to and joined in the removal, although such action was not required.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (a named party not yet served need not join in a removal).

[2] Plaintiff's claims of discrimination and retaliation in his employment in violation of Title VII of the Civil Rights Act of 1964, arise under federal law, and removal based on federal question jurisdiction is proper.  Further, diversity is satisfied because plaintiff is a citizen of California and defendant EDS is incorporated in Delaware and has its principal place of business in Texas.  Defendant Jordan is a citizen of Texas.  Plaintiff seeks damages in an amount over $75,000.  Notice of Removal, at 2:21-3:24.

[3] On August 10, 2006, defendant Jordan filed an "Amended Motion to Dismiss" that simply re-noticed the motion for hearing before the magistrate judge rather than the district judge.

2

II. <u>DISCUSSION</u>

 A.  <u>Service of Process</u>

   Defendant Jordan moves the court to dismiss the claims against him based on insufficiency of service of process by plaintiff.  Fed. R. Civ. P. 12(b)(5).  Jordan alleges that Rhodes attempted to serve him personally by leaving a copy of the state court summons and complaint with a security officer at an EDS facility in Rancho Cordova, California.  Declaration of Bharat Vashi in Support of Motion of Defendant Michael H. Jordan to Dismiss ("Vashi Decl."), at ¶ 2.  Jordan is the chief executive officer of EDS, and resides in Dallas, Texas.  Declaration of Karie Dalton in Support of Motion of Defendant Michael H. Jordan to Dismiss ("Dalton Decl."),  at ¶ 2.  Jordan works at EDS headquarters located in Plano, Texas.  *Id*.  Jordan was not present at the Rancho Cordova facility on July 5 or at any other time in July 2006.  Vashi Decl. at ¶ 3.  No person at the Rancho Cordova facility is authorized to accept service on Jordan's behalf.  Vashi Decl., at ¶ 4.

    It appears that after removal, plaintiff attempted to serve a "new" summons and complaint on both defendants on August 10, 2006.  Plaintiff apparently drafted this summons, which fails to comport with the requirements of Fed. R. Civ. P. 4(a) and 4(b).  Rhodes has not disputed defendant's description of Rhode's method of attempting service.

   Rhodes plainly has failed to properly serve Jordan with the state court summons and complaint.  However, dismissal on this grounds is premature.  Despite plaintiff's failed attempts to serve Jordan, there is still time under Fed. R. Civ. P. 4(m) for plaintiff to get it right.  Pursuant to Fed. R. Civ. P. 4(m), plaintiff has 120 days to serve defendant with the summons and complaint.  A plaintiff whose service of process was incomplete or defective prior to removal may serve process after removal under the federal rules.  28 U.S.C. § 1448.  The 120-day period runs from the date of removal as opposed to the date the state court action was filed.  *Todd v. Doe*, 2005 U.S. Dist. LEXIS 24506, at *2, f.n. 1 (E.D. Cal., Oct. 21, 2005) (citing *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 538 (W.D. Va.. 2002); *Eccles v. National Semiconductor Corp.*,

10 F. Supp. 2d 514, 520 (D. Md. 1998)); *see also, Cowen v. American Medical Systems, Inc.*, 411 F. Supp. 2d 717, 721 (E.D. Mich. 2006) (citing *Bruley v. Lincoln Property Co., N.C.*, Inc., 140 F.R.D. 452, 453 (D. Colo. 1991)*; Motsinger v. Flynt*, 119 F.R.D. 373, 376 (M.D. N.C. 1988)).   The present case was removed on August 3, 2006; therefore, the time period in which Jordan may be served has not expired.  Accordingly, the undersigned recommends that defendant Jordan's motion pursuant to Fed. R. Civ. P. 12(b)(5) be denied.  Despite this recommendation, the undersigned points out that any attempt to re-serve Jordan would be meaningless in light of plaintiff's inability to state a claim as to Jordan.  As noted below, the undersign recommends that Jordan's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted.[4]

      B.    <u>Failure to State a Claim</u>

        Defendant Jordan argues that plaintiff has failed to state a claim against him because, as a matter of law, no cause of action exists against individual employees for either wrongful termination in violation of public policy, or for employment discrimination under Title VII.

        A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

        The complaint's factual allegations are accepted as true.  *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks School of Business,*

---

[4] The court further notes that at the September 13, 2006, hearing, Rhodes indicated his disinterest in pursuing claims against Jordan individually.

1   *Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to

2   include specific facts necessary to support the claim.  *NOW*, 510 U.S. at 256 (quoting *Lujan v.*

3   *Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

4               The court may disregard allegations contradicted by the complaint's attached

5   exhibits.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart*

6   *Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998).  Furthermore, the court is not required to

7   accept as true allegations contradicted by judicially noticed facts.  *Mullis v. United States*

8   *Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

9   record, including pleadings, orders, and other papers filed with the court.  *Mack v. South Bay*

10  *Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria*

11  *Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).  "The court is not required to

12  accept legal conclusions cast in the form of factual allegations if those conclusions cannot

13  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

14  754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

15  deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

16              Pro se pleadings are held to a less stringent standard than those drafted by

17  lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment

18  can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the

19  complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc);

20  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

21              In this case, plaintiff's only allegation (either in the complaint filed in state court

22  or in the purportedly amended "complaint" filed by plaintiff on August 10, 2006) is wrongful

23  termination and retaliation by defendants "in violation of Title VII of the Civil Rights Act of

24  1964, as amended."

25              Individual defendants cannot be held liable under Title VII.  *Miller v. Maxwell's*

26  *Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). In *Miller*, the court affirmed the dismissal of

1  plaintiff's claims against six individual defendants for sex and age discrimination because Title

2  VII does not impose liability on individual defendants.  Even if plaintiff's allegations could be

3  construed as stating a claim under California's Fair Employment and Housing Act ("FEHA"),

4  the same rule applies.  *Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) (holding that "FEHA, like

5  similar federal statutes, allows persons to sue and hold liable their employers, but not

6  individuals").

7            Thus, as a matter of law, Jordan – as chief executive officer and an employee of

8  EDS – cannot be sued individually for claims arising under Title VII, nor for claims arising

9  under corresponding California law.  Plaintiff cannot amend his pleadings to state a claim

10  against Jordan individually.  Accordingly, the undersigned recommends that Jordan be dismissed

11  with prejudice from the action.

12        C.    Motion to Strike

13            On August 29, 2006, defendant EDS filed a "Motion to Strike the Summons and

14  Opposition to Order to Show Cause and Proposed Order Granting Application to Show Cause

15  Filed by Plaintiff Andre Rhodes."  By this motion, EDS seeks to strike the "summons" Rhodes

16  attempted to serve on it on August 10, 2006.  This summons, although defective and improperly

17  filed, has no impact on the status of the case, and as defendant points out, no legal impact.  As

18  discussed above, the appropriate method for contesting the sufficiency of service of process is

19  through filing a motion pursuant to Fed. R. Civ. P. 12(b)(5), as defendant Jordan has done.

20  However, it appears that EDS – the party moving to strike – has not contested service.

21  Accordingly, defendant's motion to strike the "summons" is DENIED.

22            With regard to the motion to strike the documents served by plaintiff labeled

23  "order to show cause" and "proposed order to show cause", the court finds no reason to strike

24  these proposed but unsigned orders.  Apparently, plaintiff served these documents on defendant

25  EDS on August 10, 2006.  According to EDS, the purpose of these documents is unclear and the

26  documents themselves have no legal import.  The court's docket contains no record that plaintiff

1  ever filed or lodged those documents with the court.  Accordingly, there is simply nothing to

2  strike in that regard.

3         It does appear, however, that plaintiff Rhodes did file with the court a different

4  "proposed order" on August 18, 2006.  That "proposed order" seems to ask to court to issue an

5  order for defendants "to show cause as to why plaintiff was terminated by the defendant."  As

6  explained at oral argument, whatever order plaintiff is seeking, he has yet to file and notice a

7  motion pursuant to the Local Rules.  Accordingly, there simply is no proper motion before the

8  court seeking such an order.  If a motion is ever properly filed and noticed, the appropriate

9  method for defendant to address the proposed order is to file an opposition.  However, plaintiff

10 has not filed and noticed a motion for entry of his "proposed order" and the court declines to take

11 any action with regard to plaintiff's misguided attempt to obtain the order.

12 III.  <u>CONCLUSION</u>

13         IT IS HEREBY ORDERED that:

14         1.  The hearing on defendant EDS's motion to strike, set for hearing on October 4,

15 2006, is VACATED from the court's calendar; and,

16         2.  Defendant EDS's motion to strike the summons is DENIED.  The court

17 declines to take action with regard to EDS's motion to strike the "order" and "proposed order"

18 served on EDS by plaintiff on August 10, 2006, because no such documents have been filed with

19 the court.

20         In accordance with the forgoing IT IS HEREBY RECOMMENDED that:

21         1.  Defendant Jordan's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) be

22 DENIED; and

23 ////

24 ////

25 ////

26 ////

7

2.   Defendant Jordan's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED and Jordan be dismissed with prejudice from the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8