IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

      Plaintiff,                     No. CIV S-06-1715 MCE EFB PS

    vs.

ELECTRONIC DATA SYSTEMS CORPORATION, et al.,

<u>ORDER</u>

      Defendants.

_____/

      This action, in which the plaintiff is proceeding pro se, has been referred to the undersigned pursuant to Local Rule 72-302(c)(21).

      On September 18, 2006, plaintiff filed a "motion for hearing regarding discovery disagreements (motion to compel)." Defendant EDS filed an opposition to this motion, pointing out that the motion was defective in several respects, in addition to being premature. Plaintiff also filed on September 18, 2006 a request for a "settlement conference" and a "motion to set for pretrial and or trial."

      First, the court addresses plaintiff's "motion to compel" and defendant's opposition thereto. Plaintiff's motion does not comply with Federal Rule of Civil Procedure 7(b) nor Local Rule 78-230(b). Specifically, the motion fails to "state with particularity the grounds therefor, and . . . the relief or order sought." Fed. R. Civ. P. 7(b). Neither does the motion

include a notice of motion or an accompanying brief as required by the Local Rules. E.D. Cal. L.R. 78-230(b). Plaintiff is cautioned that defectively noticed motions are not entitled to be heard. *Id*. Plaintiff is further cautioned that, although he is proceeding in this matter pro se, he is required to follow both the Federal Rules of Civil Procedure and this district's Local Rules. Procedural requirements serve an important function in the orderly conduct of litigation, and pro se litigants are expected to comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Failure to comply with the Local Rules or with an order of the court may be grounds for sanctions, including dismissal. E.D. Cal. L.R. 11-110.

Despite plaintiff's failure to comply with these rules, the court will consider his "motion to compel." In this motion, plaintiff claims that defendant has "intentionally held up discovery by being uncooperative when approached by the plaintiff regarding joint status report." Plaintiff further requests that "no more time be allowed by the court for 'Hoky Poky Games' that the Defendant is playing." In an attached affidavit, plaintiff states that he "feels that Defendant has had more than enough time to supply the documents that have requested [*sic*] by the Plaintiff. At this time, the Court and the Plaintiff will now dictate the pace of these proceedings. . . ." Also attached to the motion is a copy of a letter from defense counsel to plaintiff confirming September 8, 2006 as the date for the Rule 26(f) conference.

The motion fails to explain which documents plaintiff seeks by his motion to compel. Defendant's opposition is more instructive on this point. According to defendant, the Rule 26(f) conference occurred via telephone on September 8, 2006. *See* Declaration of Antonio Villegas in Support of Defendant's Opposition to Plaintiff's Motion and Motion for Hearing Regarding Discovery Disagreements ("Villegas Decl."), at ¶ 3. Defendant correctly points out that this was the first day that discovery could properly be served. Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule

26(f)"). Ignoring this rule, plaintiff served defendant with requests for production of documents on August 10, 2006. Villegas Decl., at ¶ 3. During the September 8, 2006 conference, defense counsel explained to plaintiff that the document requests were premature, but that defendant would nonetheless treat the requests as served on September 8, 2006. Defendant also represented to plaintiff that it would provide responses and documents within thirty-three days. *Id*.

Notwithstanding the requirement that plaintiff abide by the Federal Rules of Civil Procedure, defendants have clearly made an effort to accommodate plaintiff's pro se status by treating the document requests as timely served. In accordance with Federal Rule of Civil Procedure 34(b), the party upon whom such request is served "shall serve a written response within 30 days after service of the request." Fed. R. Civ. P. 34(b). Defendants' treatment of plaintiff's document requests as timely served on September 8, 2006 allows plaintiff thirty-three days from that date to respond to those requests. Fed. R. Civ. P. 34(b) and 6(e). Therefore, plaintiff's "motion to compel" filed on September 18, 2006 is premature. Plaintiff's motion is therefore denied.

To the extent plaintiff's motion seeks to compel the filing of a joint status report, such motion is improper. On September 20, 2006, defendants filed a unilateral status report, claiming an inability to obtain plaintiff's cooperation in filing a joint report. *See* Declaration of Antonio Villegas Regarding Rule 26 Conference of Parties and Joint Status Report, at ¶¶ 3-5. Because defendant has already filed a unilateral status report, the court shall require plaintiff to file his own unilateral status report in advance of the status conference set for November 15, 2006 before the undersigned. That status report shall address the matters set forth in this court's order issued August 4, 2006, and shall be filed within 15 days from the date of this order.[1]

---

[1] Specifically, the August 4, 2006 order requires the parties to "describe the nature of the case" and to "address the following matters: (a) service of process; (b) joinder of additional parties; (c) amendment of pleadings; (d) jurisdiction and venue; (e) anticipated motions; (f)

3

1  The court next addresses plaintiff's "motion to set for pretrial and or trial."
2  Attached to this motion is plaintiff's "certificate of readiness" wherein he asserts that
3  "the party has completed all desired depositions, other discovery and pretrial motions, except
4  motion for summary judgement [*sic*], which will be heard by this court without prejudice. . . ."
5  Plaintiff also states that he "has met all obligations with respect to deposition and discovery
6  requests or motions of other parties" and that he is "ready for pretrial conference and trial."

7  The court hereby denies plaintiff's motion to set the trial and pretrial conference.
8  The scheduling of those events will be addressed during the Status Conference set for November
9  15, 2006.

10  Finally, the court declines to grant plaintiff's "request for settlement conference,"
11  and instructs plaintiff that the scheduling of any settlement conference will also be addressed at
12  the Status Conference set for November 15, 2006 before the undersigned.

13  The court again directs plaintiff to refer to the Federal Rules of Civil Procedure
14  and the Local Rules before inundating the court and opposing counsel with untimely motions
15  and "requests."  Furthermore, plaintiff is instructed that the "pace of these proceedings" will be
16  dictated by the court, the Federal Rules of Civil Procedure, and the Local Rules – not by plaintiff
17  as suggested in the affidavit to his "motion to compel."

18  Accordingly, IT IS ORDERED that:
19  1.  Plaintiff's "motion to compel" is DROPPED from the court's October 11,
20  2006 calendar;
21  2. Plaintiff's "motion to compel" is DENIED;

---

anticipated discovery and disclosure of expert witnesses; (g) future proceedings including setting appropriate deadlines for discovery, motions and scheduling the pretrial conference and trial; (h) estimate of length of trial; (i) modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings; (j) whether the case is related to any other case, including any matter in bankruptcy; (k) whether a settlement conference should be scheduled; (l) any other matters that may add to the just and expeditious disposition of this matter."

3. Plaintiff's request to set a settlement conference is DENIED;

4. Plaintiff's "motion to set for pretrial and or trial" is DROPPED from the court's October 25, 2006 calendar;

5. Plaintiff's "motion to set for pretrial and or trial" is DENIED;

6. Plaintiff shall file within fifteen days after being served with this order his own separate status report addressing the matters set forth in the August 4, 2006 "Order Requiring Timely Service and Joint Status Report;" and,

7. The parties are ordered to appear for the previously- scheduled Status Conference on November 15, 2006, at which time scheduling of the pretrial conference, trial, settlement conference, and other matters will be addressed.

DATED:  October 4, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE