IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Plaintiff,                     No. CIV S-06-1715 MCE EFB PS

    vs.

ELECTRONIC DATA SYSTEMS
CORPORATION, et al.,

                                 ORDER

    Defendants.
_____/

    On December 6, 2006, plaintiff filed several "motions" in the above-captioned case, and attempted to notice them for hearing on the court's December 20, 2006 law and motion calendar. None of those "motions" were properly noticed pursuant to Local Rule 78-230(b). Accordingly, the court vacates all such motions filed by plaintiff on December 6, 2006.

    Two of these motions appear to be "oppositions" to the discovery motions filed by defendant and scheduled for hearing on December 20, 2006. These documents are filings not contemplated by the Federal Rules of Civil Procedure, nor the Local Rules. Plaintiff is reminded of his obligation to participate in drafting the joint statement concerning defendant's discovery motions calendared for hearing on December 20, 2006. *See* E.D. Cal. L.R. 37-251. Plaintiff's arguments against granting the motion should be addressed in the joint statement, pursuant to Local Rule 37-251 and this court's order dated November 27, 2006.

1     The court also notes that plaintiff has filed a document entitled "Notice of Motion and
2 Motion to Compel Statement and Subpoena Duces Tecum for EDS Employee and Rule 26
3 Expert Witness Alton Moore to Appear in Court for Discovery Hearing Scheduled for December
4 20th." By this "motion" it appears that plaintiff seeks the court's permission to depose Mr.
5 Moore in court during its law and motion calendar. This understanding is confirmed by the
6 "subpoena duces tecum" filed by plaintiff on the same date. By this purported subpoena,
7 plaintiff apparently seeks to force Mr. Moore to appear at the December 20, 2006, hearing and to
8 orally respond to a set of "interrogatories." Plaintiff is informed that court permission is not
9 necessary to depose a witness, or to otherwise conduct discovery. Further, such discovery does
10 not take place in the courtroom during the law and motion calendar. Plaintiff is further advised
11 that motions to compel discovery should not be filed until such time as a party becomes
12 dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil
13 Procedure. In this case, it is unclear whether plaintiff has properly noticed Mr. Moore's
14 deposition or otherwise previously served discovery requests in compliance with the Federal
15 Rules of Civil Procedure.
16     Accordingly, IT IS HEREBY ORDERED that all plaintiff's "motions" filed on
17 December 6, 2006, will be placed in the court file and disregarded. To the extent plaintiff sought
18 to place them on the court's December 20, 2006 law and motion calendar, they are hereby
19 vacated. The court will hear only those matters previously set for hearing on that date. Plaintiff
20 is again cautioned against inundating the court with documents that are not contemplated by, nor
21 in compliance with, the Federal Rules of Civil Procedure and/or the Local Rules. Plaintiff's
22 failure to comply with this warning may result in an order of sanctions, including, but not limited
23 to, a recommendation that this action be dismissed. Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 11-110.
24 DATED: December 11, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE