1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE RHODES,

11            Plaintiff,                    No. CIV S-06-1715 MCE EFB PS

12       vs.

13   ELECTRONIC DATA SYSTEMS
     CORPORATION, et al.,
14                                          ORDER
           Defendants.
15   _____/

16       On December 20, 2006, this case was before the undersigned for consideration of

17   defendant's motion to compel plaintiff's deposition and responses to interrogatories and requests

18   for production.  The parties filed a joint stipulation on December 13, 2006, as required by Local

19   Rule 37-251(c) and this court's November 27, 2006 order.  The hearing was also held to

20   establish a briefing schedule for the parties' cross-motions for summary judgment.  Anthony

21   Brill appeared on behalf of defendant, and Andre Rhodes appeared on his own behalf.  Having

22   heard oral argument and considered all submitted papers, the court issues the following order.

23   I.  MOTION TO COMPEL

24       A.  Deposition

25       On November 22, 2006, defendant filed a motion to compel plaintiff's deposition and

26   responses to interrogatories and requests for production.   Mr. Brill attempted to depose plaintiff

1

on November 10, 2006, as previously noticed.  After fewer than thirty minutes, plaintiff became

argumentative and refused to answer any further questions.  Plaintiff made no specific objections

to the questions; he simply refused to answer any question without a court order.  Accordingly,

defendant filed this motion to compel plaintiff to testify at a deposition on January 5, 2007,

concerning all matters discoverable under Fed. R. Civ. P. 26, including, but not limited to, (1)

plaintiff's claims against defendant, (2) EDS' defenses to plaintiff's claims, (3) plaintiff's

damages, and (4) foundational issues.  For the reasons stated at the hearing, defendant's motion

to compel plaintiff's is GRANTED.  Mr. Rhodes shall appear for the deposition on January 5,

2007, at a place and time to be arranged by the parties.

       B. <u>Responses to Interrogatories and Requests for Production</u>

       Defendant also seeks to compel complete responses to interrogatories and requests for

production, which were served on plaintiff in September 2006.  Defendant contacted plaintiff

concerning his deficient responses by letter dated November 6, 2006.  Given plaintiff's failure to

supplement his responses, defendant brought this motion.  Defendant's motion is GRANTED.

       Plaintiff shall provide complete, verified responses to defendant's Interrogatories, nos. 1,

2, 5, 7, and 9-14 within ten (10) days of service of this order.[1]  Plaintiff's responses shall comply

with Fed. R. Civ. P. 33(b) and Local Rule 33-250.  Plaintiff shall also provide within ten (10)

days of service of this order complete responses to defendant's Requests for Production, nos. 17,

20-23, 25, 29, 34, 35, 37.  Plaintiff's responses shall comply with Fed. R. Civ. P. 34(b) and Local

Rule 34-250.

////

////

////

---

[1] The amended complaint does not include a claim for emotional distress.  Moreover, at the hearing, plaintiff confirmed that he is not pursuing any claim for emotional distress or other health-related damages.  Based on that representation, defendant withdrew its motion to compel more complete responses to Interrogatory no. 15 and Requests for Production, nos. 14-16.

C.  <u>Sanctions</u>

Plaintiff's conduct throughout the discovery process thus far warrants sanctions. Pursuant to Fed. R. Civ. P. 30(d)(3), 37(a)(2)(B), and 37(a)(4), the court orders plaintiff to pay defendant's counsel $1,000 for fees incurred in bringing this motion.  Plaintiff shall pay this amount to defendant's counsel within sixty (60) days of service of this order.  As discussed in detail at the hearing, this figure represents only a fraction of the actual costs incurred by defendant in bringing this motion.  This sanction is imposed as required by the Federal Rules of Civil Procedure, and also serves to caution plaintiff that disobeying the court's order and/or further failing to comply with both the Federal Rules of Civil Procedure and the Local Rules will result in further sanctions, including a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 11-110;  Fed. R. Civ. P. 37(b)(2); *Valley Eng'r, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

II.  <u>BRIEFING SCHEDULE</u>

As discussed at the hearing, the parties shall comply with the following briefing schedule:  (1) defendant shall file its cross-motion for summary judgment and its opposition to plaintiff's motion for summary judgment (to be filed together as a single brief) by March, 16, 2007 (2) plaintiff shall file his opposition to defendant's motion for summary judgment and his reply to defendant's opposition (to be filed together as a single brief) by April 16, 2007; (3) defendant shall file its reply to plaintiff's opposition to the cross-motion by April 26, 2007.

IT IS SO ORDERED.

DATED:  December 21, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE