IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

        Plaintiff,                       No. CIV S-06-1715 MCE EFB PS

    vs.

ELECTRONIC DATA SYSTEMS
CORPORATION,
                                    <u>ORDER & FINDINGS & RECOMMENDATIONS</u>
        Defendant.
_____/

       This action, in which plaintiff is proceeding *in propria persona*, was referred to this court under by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's "Motion for Discovery Hearing & Motion for Sanctions" was noticed for hearing on February 28, 2007. That motion was submitted without appearance or oral argument pursuant to Local Rule 78-230(h). As set forth more fully herein, plaintiff's motion is denied.

**I.    Plaintiff's Motion(s)**

       Plaintiff seeks an order compelling Electronic Data Systems Corporation ("EDS") employee, Alton Moore, to respond to interrogatories. Plaintiff served interrogatories on Mr. Moore, to which EDS supplied responses on January 8, 2007. Those responses were verified by Bharat Vashi (EDS "Director-Claims Operation"). Plaintiff, dissatisfied that EDS selected someone other than Mr. Moore to provide responses to the interrogatories, has filed the present

1

1  motion, in addition to a "Proposed Order Granting Plaintiffs Application for an Order to Show
2  Cause & Motion to Compel Statement of One Alton Moore," which seeks essentially the same
3  relief.

4        Defendant opposes the motion and the "proposed order." Defendant cites Federal Rule
5  of Civil Procedure 33, which provides that "any party may serve upon any other party written
6  interrogatories . . . to be answered by the party served or if the party served is a public or private
7  corporation . . . by any officer or agent., who shall furnish such information as is available to the
8  party." Fed. R. Civ. P. 33(a). The party serving the interrogatories on a corporation has no right
9  to select the particular officer or agent to respond to the interrogatories. *See Holland v*
10 *Minneapolis-Honeywell Regulator Co.*, 28 F.R.D. 595 (D. Colo. 1961); *Wirtz v I. C. Harris &*
11 *Co.*, 36 F.R.D. 116, 117 (E.D. Mich. 1964) (Parties serving interrogatories may not select
12 particular person and direct that interrogatories be answered by such person where such person is
13 not a party); *Law v NCAA*, 167 F.R.D. 464, 475-76 (D. Kan. 1996) (Under FRCP 33(a), although
14 interrogatories must be served on party, party served has discretion in selecting officer or agent
15 who is to answer them and verify answers; it is clear that whoever answers interrogatories,
16 answers must include whatever information is available to party.).

17       In the present case, only Mr. Rhodes and EDS are parties. Mr. Moore is not a party.
18 Accordingly, the defendant cannot be compelled to provide answers to interrogatories directed at
19 non-party, Mr. Moore.[1] Therefore plaintiff's "Motion for Discovery Hearing & Motion for
20 Sanctions" is denied [2]

21

---

22     [1] Curiously, defendant points out that plaintiff has not made any further attempts to
depose Mr. Moore, despite defendant's efforts to make Mr. Moore available, and despite
23 plaintiff's earlier and adamant attempts to depose Mr. Moore at defendant's expense.

24     [2] To the extent plaintiff believes that the court "ordered" EDS to have Mr. Moore provide
responses to interrogatories, he is wrong. Notwithstanding any discussion between the court and
25 the parties during the December 20, 2006, hearing the formal order on this matter is clear. Nor
does such discussion constitute legal advice to plaintiff. The court cannot, and will not, inject
26 itself into the adversary process on behalf of plaintiff. *See Jacobsen v. Filler*, 790 F.2d 1362,

2

## II.     Defendant's Motion for Sanctions

As noted above, defendant's opposition to plaintiff's discovery motion is well-taken. The court now addresses defendant's accompanying request for monetary sanctions and/or dismissal.

Defendant requests monetary sanctions under Fed. R. Civ. P. 37(a)(4)(B) for plaintiff's "misuse of the Court's processes." Rule 37(a)(4)(B) provides as follows: "If the motion is denied, the court . . . *shall* . . . require the moving party . . . to pay to the party who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless* the court find that the making of the motion was substantial justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(B) (emphasis added).

Here, it does not appear that plaintiff made the motion for the purpose of harassing or annoying defendant, but rather due to his genuine confusion over discovery methods available to him. Although the court denies defendant's motion for monetary sanctions on this basis, the court again cautions plaintiff that despite his pro se status, he is required to read and comply with the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The court likewise recommends that defendant's request for dismissal sanctions be denied. Defendant correctly argues that courts are vested with authority to impose a broad range of sanctions against parties for "bad faith" litigation conduct. *See* L.R. 11-110; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-45 (1991); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); *accord Anheuser-Busch, Inc. v. Natural Beverage*

---

1365 (9th Cir. 1986). Plaintiff is directed to read and follow the court's formalized, written orders, which issue post-hearing. The court also again directs plaintiff to read and comply with the Federal Rules of Civil Procedure and Local Rules prior to filing any documents with this court.

*Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (recognizing inherent power to dismiss counterclaim for concealing discovery documents); *Winn v. Associated Press*, 903 F. Supp. 575, 580 (S.D.N.Y. 1995) (imposing monetary sanctions for deliberately impeding discovery and willful noncompliance with document production).

However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Normally, a court will consider five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*, at 130. In the present case, however, plaintiff has not violated any court order by filing the present motion. As discussed above, plaintiff's filing of the present discovery motion appears to have been caused by genuine confusion, and not posed for any improper purpose. Even if it had been, penalizing a party "for dilatory conduct during discovery proceedings" is discretionary. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)). Here, although defendant was burdened with the extra time and costs required to oppose plaintiff's motion, the court finds that it will suffer no prejudice by denial of its request for dismissal sanctions and proceeding with litigation on the merits. The court has already imposed monetary sanctions on plaintiff, and does not at this point find additional sanctions to be warranted. Accordingly, the court recommends that defendant's motion for dismissal as a sanction be denied.

**III.    Conclusion**

In accordance with the foregoing, IT IS ORDERED that:

1. Plaintiff's "Motion for Discovery Hearing & Motion for Sanctions" is denied;  and

2. Defendant's motion for monetary sanctions is denied.

////

Further, IT IS RECOMMENDED that defendant's motion for dismissal as a sanction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5