IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

      Plaintiff,                      No. CIV S-06-1715 MCE EFB PS

     vs.

ELECTRONIC DATA SYSTEMS CORPORATION,

                              <u>ORDER</u>

      Defendant.

_____/

      This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 24, 2007, plaintiff filed a second request for an extension of time to pay sanctions in the amount of $1,000. The court previously issued sanctions in this amount against plaintiff on December 20, 2006, for expenses incurred by defense counsel in bringing a successful motion to compel plaintiff's deposition.[1] Fed. R. Civ. P. 37(a).

      On February 28, 2007, the court granted plaintiff an extension of time until May 30, 2007, to pay the sanctions. Plaintiff now requests a second extension, claiming inability to pay the $1,000. Plaintiff also alleges his inability to pay under the payment plan proposed by

---

[1] As discussed in the December 20, 2006, order these sanctions represented only a fraction of the actual expenses incurred by defense counsel in making the motion to compel.

1

defendant, i.e., immediate payment of $500, with monthly payments in the amount of $100 for five consecutive months thereafter.

The sanctioned party has the burden to produce evidence of inability to pay. *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) (finding that sanctioned attorney's vague statements about his finances insufficient to meet that burden). Plaintiff's request does not contain sufficient detail or evidence for the court to determine plaintiff's inability to pay. Further, the request does not contain a sworn declaration regarding plaintiff's alleged inability to pay.

Accordingly, the court orders plaintiff to file within ten (10) days from the date of service of this order a sworn declaration containing probative evidence of his inability to pay. That declaration shall include a statement regarding the amount of available cash plaintiff currently has and expects to receive in the next six months. The declaration shall also detail the amount and sources of plaintiff's current income, including any gifts or inheritances. Plaintiff shall further identify any checking or savings accounts he has and the total amount of money in each. Plaintiff shall identify any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value he currently possesses, and the value of such property. Plaintiff shall also list the persons, if any, dependent upon him for support, his relationship to each such person, and how much plaintiff contributes to their support. Finally, the declaration shall include a statement regarding plaintiff's ability to pay the $1,000 in installments.

In accordance with the foregoing, plaintiff's extension is granted pending submission of the declaration, and the court's subsequent ruling thereon.

IT IS SO ORDERED.

DATED: June 4, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2